In the Matter of the Construction of the Will of GEORGE E. BECKER, Deceased.

Surrogate's Court, Broome County, August 25, 1954.

*Leon F. Simmonds* for George W. L. Becker and another, as executors of George E. Becker, deceased, petitioners.

*Charles J. Bellew*, special guardian.

PAGE, S. George E. Becker died on the 17th day of February, 1930, leaving a last will and testament dated the 30th day of December, 1922, which was duly admitted to probate in this court on the 27th day of March, 1930.

By paragraph " Second " of the last will and testament of said deceased, the testator provided for his wife, Rosanna Becker, a legal life estate in all the real and personal property comprising the assets of the estate of said deceased. Rosanna Becker died on the 11th day of May, 1953. The only property now left in the estate of her husband, George E. Becker, is a parcel of real property designated in the will as, " House and lot known as No. 31 Riverside Street in the City of Binghamton, Broome County, New York." The sole objective of the present proceeding is a construction of certain provisions contained in the will of said deceased whereby a determination may be reached as to the disposition and ownership of the present remainder interest in the above-mentioned real property.

The only provisions in the will which have any bearing or effect in connection with the solution of this question are paragraphs numbered " Fourth " and " Ninth ".

By paragraph " Fourth ", testator provided that, upon the termination of his widow's life use of said real property, his son, George William Lawrence Becker, hereinafter designated as " George Becker, Jr.", if he survived her, would succeed to a second legal life estate in said real property.

But this same paragraph went on to provide further that, " In case Ora Becker, the present wife of my said son, shall not be living at the date of the death of my said wife, then and in that event instead of the use of said property to my said son in this clause of my Will mentioned, I give and bequeath (sic) the said property No. 31 Riverside Street Binghamton, New York, unto my said son absolutely. And in case the wife of my said son shall be living at the date of the decease of my said

wife and shall die prior to the date of the decease of my said son, then and in that event upon the death of his said wife, Ora, I give and bequeath him the said property No. 31 Riverside Street Binghamton, New York absolutely.''

The testator's son, George Becker, Jr., and his wife, Ora, both survived the legal life tenant, Rosanna Becker. By virtue of the provisions of this paragraph, it is clear that a legal life estate in said real property is now vested in the testator's son, George Becker, Jr. Also, as to this property, he has an additional interest. This is a contingent future interest which would merge his present legal life estate in a title in fee in the event that his wife predeceases him.

Since the purpose of the present proceeding is to arrive at a determination as to the eventual disposition of the remainder in fee, we must examine other provisions of the will in order to ascertain whether or not there may be, expressed clearly or ambiguously, some provision as to the testator's intent in relation to this question, in the event that George Becker, Jr.'s wife, Ora, survives him.

In this connection, the only other provisions of the will having any possible bearing or effect are those contained in paragraph '' Ninth '' thereof. In this paragraph the testator gave and '' bequeathed '' to his daughter, Leona J. Furman, '' all the rest, residue and remainder of my property of all kinds, real, personal and mixed of every name, nature and description and wherever situate ''. But this same paragraph of the will went on to provide further that: '' In the event of the death of my said daughter prior to the *date of the distribution of my estate as herein provided,* I give and bequeath the share or portion to which she would have been entitled if living, unto the child or children of my said daughter who shall then be living and if there be more than one such child the same to be divided equally between or amongst them share and share alike. In case my said daughter shall leave her surviving no children then and in that event I give and bequeath the share of my said estate to which she would have been entitled if living, one-third thereof unto my son-in-law Archie E. Furman, if living and the other two-thirds thereof unto my said son George and in case my said son-in-law shall not be living to take the same, then I give all thereof in that event to my said son, George. And in case my said son George shall have died then and in that event I give and bequeath the share to which he would have been entitled if living, one-half thereof unto the child or children of my said son George who shall then be living and if there be more than

one such child the same to be divided equally amongst them, share and share alike. And the remaining one-half thereof I give and bequeath unto my brother, Henry Fayette Becker of Mt. Vernon, New York. In case my said son George shall die without leaving any children him surviving, then and in that event I give and bequeath the share to which he would have been entitled if living unto my brother Henry Fayette Becker of Mt. Vernon, New York, the same to him absolutely." (Italics supplied.)

The contention advanced by counsel for the petitioners herein is that the above-quoted testamentary provisions should be construed so as to support the conclusion that an absolute title in fee to the real property comprising the present entire remainder of the estate of said deceased would be conveyable by a deed duly executed by George Becker, Jr., and his sister, Leona J. Furman.

Whether or not this contention may be sustained is entirely dependent upon the construction and effect which must be given to the words, " date of the distribution of my estate as herein provided." Implicit in this contention is the assumption that, by his employment of these words, the testator intended to designate such date as the date of death of his wife, the holder of the primary legal life tenancy of the premises here in question. The qualification of this designation, " as herein provided " helps us not at all in respect to casting any light upon the testator's intention in this connection, for it is not " herein provided " in any way, the will having failed to contain any specific designation of the testator's intent as to the " date of the distribution of my estate ".

As to the determination of the meaning of these words, it would be illogical to assume that the testator intended the termination of the first life estate only. If the determination of his intention is predicable upon the termination of any limited estate it would be the last one, precedent to the vesting of the remainder.

The manner in which the termination of the second life estate now held by George Becker, Jr., may occur remains purely contingent, primarily dependent upon whether he survives his wife or vice versa. If George Becker, Jr., predeceases his wife and is not survived by his sister, Leona J. Furman, the distribution of the remainder would become subject to further very complicated contingencies, as appears from the last above-quoted language of paragraph " Ninth " of the testator's will. For present purposes it seems unnecessary to trace out these various

contingencies dependent, primarily, upon another future eventuality of survivorship, that of testator's daughter, Leona J. Furman's surviving " the date of the distribution of my estate."

Quite surprisingly, Words and Phrases Judicially Defined shows only a single instance wherein a court of American jurisdiction has determined an issue involving the definition or construction of the term, " Distribution ", from the standpoint of the time of its occurrence. This one case is *Matter of Ladew* (183 Misc. 1020, 1024–1025). In this case Surrogate DELEHANTY, in New York County, in 1944, provided a very thorough and analytical consideration of the term, " distribution ", as applied to decedents' estates, particularly referring to the case of *Thomson* v. *Tracy* (60 N. Y. 174, 180) and comment " b " of section 303 of the Restatement of Conflict of Laws, and law dictionaries and other sources, thereby arriving at the conclusion that the construction and meaning of the term, " distribution " (specifically in that case as found in Surrogate's Ct. Act, § 285-a) was " the beneficial vesting of property passing in intestacy or under a will so that those who receive it take it as their own." It clearly appears that in the present case this connotation of the term " distribution " is controlling to the effect that the expression " date of the distribution of my estate ", in its context as here found, can be no time other than when, all contingencies being finally resolved, the remainder vests in whoever, absolutely and finally, becomes entitled to it in accordance with the complicated provisions of the will here in question.

The practical objective of the petitioners herein is to resolve the question as to the manner, if any, in which they may be able to convey title to the above-mentioned real property designated as No. 31 Riverside Street, Binghamton, New York, to proposed vendees of the same. The foregoing consideration of the situation presented herein compels the conclusion that, as of the present time, the ultimate remaindermen remain unascertained and unascertainable. Even if all persons now in being who might or could eventually qualify as remaindermen were to join in a deed, such deed could not convey a marketable title because of the possibility that persons yet unborn might, under one or another of the various contingencies provided in the will, become members of a class comprising the ultimate remaindermen.

The provisions of sections 107-a to 107-n (both inclusive) of the Real Property Law, are available to the petitioners as a

means of effectuating a legal conveyance of the premises in question. The disposition of the purchase price would be determinable in such proceeding.

It is to be noted that the procedure last above suggested is available only in the Supreme Court. It would seem that this section should be amended so as to extend concurrent jurisdiction to Surrogates' Courts in cases where all present and future interests are founded upon the provisions of a last will and testament.

Settle decree accordingly.